## McBride *v.* Bagley.

The evidence, though conflicting, warranted the verdict, and there was no error in refusing a new trial.    *Judgment affirmed.*
March 5, 1892.

New trial. Evidence. Before Judge Martin. Chattahoochee superior court. March term, 1891.

Bagley sued McBride, and McBride sued Bagley. By agreement the two cases were consolidated and tried together, the petition of McBride being taken as a plea to the action of Bagley. The jury found in favor of Bagley $222.16 principal, with interest, etc. McBride's motion for a new trial was overruled, to which he excepted. The only grounds of the motion for a new trial were, that the verdict was contrary to evidence, without evidence to support it, decidedly and strongly against the weight of evidence, and contrary to law and the principles of justice and equity. The only witnesses were McBride and Bagley.

Bagley testified : McBride and himself formed a partnership in January, 1889, to run a saw-mill, and continued the business until October 1, 1889, when they dissolved with the following agreement and understanding : They ascertained that the liabilities exceeded the assets by $200 or $300, that Bagley had put into the

business about $1,200 and had drawn out about $900, and that McBride had put in about $500 and had drawn out $700 or $800. They therefore agreed that Bagley was to assume all liabilities, take charge of all the assets and pay the debts of the firm, and to this end he was to have all the accounts owing the firm, among others an account on Jones Brothers for $137.14, one on Wesley Baker for $50, and one on Cantrell & Company for $35, which accounts had been included in the calculations of McBride and Bagley and were considered and understood by both as assets which Bagley was to collect and with which to discharge in part the debts of the firm. On the basis of this understanding the settlement was made. After the dissolution Bagley called upon these parties for payment, when they informed him they had paid McBride. He saw McBride, and he admitted having collected them, but refused to turn the money over to Bagley. The books, at the time of the dissolution and now, show that the accounts were outstanding, and the memoranda of settlement, which is a statement of figures of the various items of the business, show that when they figured up the assets these accounts were considered by both and put down on paper as part of the assets. McBride agreed at the time that the memoranda was correct, and at another time, later, they met to have a settlement, McBride claiming that there were some items of assets left out and overlooked in the first settlement. They prepared a second memoranda showing the affairs of the business, and in this these accounts were included as assets, which McBride agreed was correct. After McBride admitted that he had made these collections and refused payment, witness brought his suit. All the items set forth in the suit brought by McBride were included in the settlement at the dissolution and in both the first and second memoranda, as will be seen by the memoranda. As to $24 McBride claims

witness owes him, witness denies that he owes it. Mc-
Bride did work at the mill several days after October
1st, but it was for the purpose of winding up the affairs
of the firm, and witness did not agree to pay him for it.
Witness has not paid all the firm debts.

McBride testified: At the time of the dissolution, Oc-
tober 1, 1889, Bagley agreed to take charge of the assets
and pay all the debts. Bagley had charge of all
the books, and at the time this agreement was made
the books did not show all the entries as witness under-
stood them. All the items set forth in witness's peti-
tion were left out through mistake. The memoranda
Bagley speaks of are his own figures, and witness did
not agree to pay or admit their correctness. He did not
collect the account of Jones Brothers and never told
Bagley he had, nor has he collected the account on Can-
trell & Brother. He has collected the $50 from Baker
and paid it out for Bagley's account; $10 of it he paid
to his brother who hauled lumber for the firm, for which
the firm owed him; $20 of it on a debt of the firm to
VanHorn, and the other $20 to a sawyer for the firm,
which payment was on an order to witness for that pur-
pose from Bagley. Bagley owes witness the $25
claimed, for work witness did at the saw-mill after the
dissolution. Both parties kept the firm books, that is,
both made entries in the books and had access to them.
Witness knew of all the items at the time of dissolution;
all the items of account sued for by plaintiff appeared
in the memoranda at the settlement.

There appeared on the firm books in the handwriting
of McBride the sum of $10 to McBride's brother, $20 to
VanHorn and $20 to Carroll, the date of these entries
being prior to the settlement made October 1st; and
these sums were added into McBride's account, were a
part of the same and were included in the settlement.

Thornton & McMichael, for plaintiff in error.

Peabody, Brannon & Hatcher and Eugene Wynn, *contra.*